```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**LAJUAN S.L. LOWERY,**

                      **Plaintiff,**

       v.                                CASE NO. 20-3278-SAC

**STATE OF KANSAS, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner held at the Leavenworth County Jail, proceeds pro se and in forma pauperis.

### Nature of the Complaint

Plaintiff names the State of Kansas, Leavenworth Police Chief Patrick Kitchens, and Detective (fnu) Flynn, an employee of the Leavenworth Police Department as defendants. Read together, the complaint and attachment allege that on April 24, 2019, at approximately 2:20 p.m., plaintiff was tased over ten times by two police officers while being choked by a third, causing him to lose consciousness. He alleges police brutality, the use of excessive force, and discrimination and seeks damages.

The complaint also refers to evidence offered in a criminal case, Case No. 2019-cr-000280. The court takes notice that plaintiff was convicted in that action of battery on a law enforcement officer causing bodily harm and obstruction of legal process. An appeal is pending (Case No. 122,787 (Kan. Ct. App.)).

### Screening

A federal court must conduct a preliminary review of any case

in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, the complaint identifies no action by two of the defendants named in the caption, the State of Kansas and Chief of Police Kitchens. And, while the attachment to the complaint identifies three officers,

only one, defendant Flynn, is named as a defendant in the complaint. Unless plaintiff amends the complaint, the State of Kansas and Chief Kitchens will be dismissed from this action, and this matter will proceed against defendant Flynn alone.

Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **February 15, 2021**, to file an amended complaint. The clerk of the court is directed to transmit a form pleading to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 19th day of January, 2021, at Topeka, Kansas.

```
                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge
```