IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAJUAN S.L. LOWERY,

    Plaintiff,

    v.

SEAN FLYNN, *ET AL.*,

    Defendants.

Case No. 20-3278-TC-ADM

**NOTICE AND ORDER TO SHOW CAUSE**

    To Plaintiff LaJuan S.L. Lowery, pro se:

    Lowery's claims under 42 U.S.C. § 1983 stem from his arrest on April 24, 2019, during which Lowery alleges Leavenworth Police Department officers violated his constitutional rights by using their taser on him more than ten times and choking him until he became unconscious. (ECF 5, at 2.) He describes his claims as encompassing police brutality, excessive force, and discrimination. (*Id.* 4-5.)

    Lowery's amended complaint includes in the case caption the City of Leavenworth and the Leavenworth Police Department, but the pleading does not list these entities as party defendants in the body of the complaint, and it does not make any factual allegations concerning these entities. (ECF 5.) Lowery attached to his amended complaint a filing titled both "Grievance" and "Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." In it, he alleges that the defendant officers' actions "show discrimination toward mentally ill people by the Leavenworth Police Department" and further alleges that the Leavenworth Police Department is responsible for the conduct of its employees. (ECF 5-1, at 3.) He also alleges that because "the City of Leavenworth, KS is where Leavenworth Police Department operate[s] . . . [it] must be held

responsible for the conduct of police officers['] conduct toward their citizens." (*Id.* at 4.) In other words, Lowery's claims against the City of Leavenworth and the Leavenworth Police Department are premised on the actions of the defendant officers. But a defendant in a § 1983 claim cannot be held liable only based on the existence of an employer-employee relationship. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Consequently, Lowery has not pleaded facts sufficient to show any constitutional violation by the City of Leavenworth or the Leavenworth Police Department.

Therefore, the court orders Lowery to show cause in writing why his claims against the City of Leavenworth and the Leavenworth Police Department should not be dismissed for failure to state a claim by **April 30, 2021.**

**IT IS SO ORDERED.**

Dated April 9, 2021, at Topeka, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge