## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAJUAN S.L. LOWERY,

    Plaintiff,

    v.

SEAN FLYNN, *ET AL.*,

    Defendants.

Case No. 20-3278-TC-ADM

## **REPORT AND RECOMMENDATIONS**

This matter comes before the court on Plaintiff LaJuan S.L. Lowery's response to the court's order to show cause why his claims against the City of Leavenworth and the Leavenworth Police Department should not be dismissed for failure to state a claim. (ECF 23.) For the reasons stated below, the magistrate judge recommends that the district judge dismiss Lowery's claims against the City of Leavenworth and the Leavenworth Police Department.[1]

Under 28 U.S.C. § 1915(e)(2), the court shall "at any time" dismiss claims that are frivolous or malicious, fail to state a claim, or seek monetary relief against immune defendants. The court previously set out the standard for screening complaints filed by filed by prisoners proceeding in forma pauperis ("IFP"):

> In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal

---

[1] Lowery's response also requests in passing that the State of Kansas be added back to the case as a defendant. The court will not consider that request in response to the show-cause order because any such request must be made by way of a separate motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion"); *see also Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2020 WL 2473706, at *6 (D. Kan. May 13, 2020) (recognizing that other district courts "have held that the proper procedure for seeking leave to reassert a dismissed claim is to file a motion for reconsideration of the dismissal order").

> pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

(ECF 4, at 1-2.) As stated in the show-cause order, the factual basis for Lowery's claims against the City of Leavenworth and the Leavenworth Police Department are unclear. (ECF 18.) Lowery's claims under 42 U.S.C. § 1983 stem from his arrest on April 24, 2019, during which Lowery alleges Leavenworth Police Department officers violated his constitutional rights by using their taser on him more than ten times and choking him until he became unconscious. (ECF 5, at 2.) He describes his claims as encompassing police brutality, excessive force, and discrimination. (*Id.* 4-5.) The case caption of Lowery's amended complaint includes the City of Leavenworth and the Leavenworth Police Department, but the pleading does not list these entities as party defendants in the body of the complaint, and it does not include any factual allegations concerning them. (ECF 5.) Lowery attached to his amended complaint a filing titled both "Grievance" and "Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." In it, he alleges the defendant officers' actions "show discrimination toward mentally ill people by the Leavenworth Police Department" and further alleges that the Leavenworth Police Department is responsible for its employees' conduct. (ECF 5-1, at 3.) He also alleges that because "the City of Leavenworth, KS is where

2

Leavenworth Police Department operate[s] . . . [it] must be held responsible for the conduct of police officers['] conduct toward their citizens." (*Id.* at 4.)  In other words, Lowery's claims against the City of Leavenworth and the Leavenworth Police Department are premised on the actions of the defendant officers.  But a defendant in a § 1983 claim cannot be held liable only based on the existence of an employer-employee relationship.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Consequently, Lowery has not pleaded facts sufficient to show any constitutional violation by the City of Leavenworth or the Leavenworth Police Department.  Because of this, the court ordered Lowery to show cause why his claims against these entities should not be dismissed.

Lowery's response to the show-cause order includes only legal argument about how governmental entities may be liable under § 1983.  He does not point to any facts pleaded that show any constitutional violation by the City of Leavenworth or the Leavenworth Police Department.  Accordingly, the court recommends that the district judge dismiss Lowery's claims against the City of Leavenworth and the Leavenworth Police Department, thereby dismissing those parties from this case.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b) Jones may file specific written objections to this report and recommendation within fourteen days after being served with a copy.  If Jones does not file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court.  *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO ORDERED.**

Dated May 10, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge